STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss.                          CIVIL ACTION
                                        DOCKET NO. CV-05-47

STATE OF MAINE,                    )
DEPARTMENT OF ENVIRONMENTAL        )
PROTECTION                         )
                                   )
            Plaintiffs             )        CONSENT
                                   )        ORDER
                                   )
                                   )     FILED & ENTERED
                                           SUPERIOR COURT
            v.                     )
                                   )        MAY 2 5 2006
STRICTLY MOBILE HOMES, INC. and    )
KENNETH J. NELSON                  )      PENOBSCOT COUNTY
                                   )
            Defendants             )

WHEREAS, Defendant Strictly Mobile Homes, Inc. owns, and by and through its

president and sole shareholder, Defendant Kenneth J. Nelson (together known as

"Defendants") operates Stillwater Avenue Mobile Home Park, located in Orono,

Penobscot County, State of Maine; and

WHEREAS, the parties agree that the Complaint states a cause of action against

the Defendants; and

WHEREAS, the Defendants admit that they did operate and/or maintain a surface

wastewater disposal system (the "wastewater lagoons") located at the Stillwater Avenue

Mobile Home Park, without first obtaining a license from the Maine Department of

Environmental Protection ("DEP"), in violation of 38 M.R.S.A. § 413(1-A); and that they

discharged or caused to be discharged wastewater from the wastewater lagoons to waters

of the State without first obtaining a license from the DEP, in violation of 38 M.R.S.A.

413(1), all as more fully set forth in the Complaint; and

WHEREAS, the parties agree to the entry of this Order without any further findings of any law or fact; and

WHEREAS, this Consent Order was filed with the Court at least 30 days before approval, and notice of the proposed Consent Order was published in a newspaper having general circulation in Orono, as required by 38 M.R.S.A. § 347-A (6) (B); and

WHEREAS, the Court has considered the pleadings and representation of counsel for all parties; and

WHEREAS, the Court finds that it has jurisdiction over this action; and

WHEREAS, the Court finds this Order to be a full, fair and reasonable disposition of all claims set forth in the Complaint in this action.

THEREFORE, the Court finds that Defendants Strictly Mobile Homes, Inc. and Kenneth J. Nelson have violated Sections 413(1) and 413(1-A) of the Protection and Improvement of Waters Act, 38 M.R.S.A. §§ 361 et seq., by operating and/or maintaining a surface wastewater disposal system at the Stillwater Avenue Mobile Home Park without first obtaining a license from the DEP, and discharging or causing to be discharged wastewater from that system to waters of the State without first obtaining a license from the DEP, all as more fully set forth in the Complaint;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants Strictly Mobile Homes, Inc. and Kenneth J. Nelson shall take the following actions in accordance with the following schedule:

I. **REMEDIAL ACTIONS.**

Defendants shall achieve compliance with the Protection and Improvement of Waters Act by designing and constructing a new wastewater disposal system for the

Stillwater Avenue Mobile Home Park and permanently discontinuing the wastewater lagoons, all in accordance with applicable statutes and regulations, pursuant to the following schedule:

1. Defendants shall evaluate sludge in the wastewater lagoons, in accordance with applicable DEP regulations, and submit the evaluations to DEP on or before March 17, 2006; and

2. Defendants shall submit a concept plan for a new subsurface wastewater disposal system at the Stillwater Avenue Mobile Home Park to Gregg Wood of the DEP on or before April 15, 2006; and

3. Defendants shall submit an application for a new subsurface wastewater disposal system to the Department of Health and Human Services ("DHHS") and the DEP on or before May 15, 2006; and

4. Defendants shall submit any information requested by DHHS or the DEP by 14 days after such request; and

5. Defendants shall commence construction of the new subsurface wastewater disposal system at the Stillwater Avenue Mobile Home Park by 15 days after the DHHS approval; and

6. Construction of the subsurface wastewater disposal system shall be completed, and that system fully operational, all in conformance with the approval issued by the DHHS, by 60 days after the start of construction; and

7. Defendants shall evaluate the sludge in the wastewater lagoons, in accordance with applicable DEP regulations, and submit the evaluation to DEP within 15 days of the new subsurface wastewater disposal system becoming operational; and

8. Defendants shall submit a Notice of Discontinuance with a reclamation plan, as required by DEP regulations, Chapter 550, §§ 2 and 3, by 15 days after the new subsurface wastewater disposal system becomes operational; and

9. If the sludge evaluations required in paragraphs 1 and 7 above demonstrate that the sludge is appropriate for use as a soil conditioner, as determined by the DEP, Defendants shall permanently discontinue the wastewater lagoons, in accordance with all applicable DEP statutes and regulations and with the DEP's approved reclamation plan on or before August 1, 2007; and

10. If the sludge evaluations required in paragraphs 1 and 7 above demonstrate that the sludge is not appropriate for use as a soil conditioner, as determined by the DEP, Defendants shall submit a reclamation plan, as required in paragraph 8 above, that complies with all applicable DEP statutes and regulations.

## II.    PENALTIES.

### A.    Amount and Payment Schedule.

Defendants shall pay to the Treasurer, State of Maine, a total civil monetary penalty of Eighteen Thousand dollars ($18, 000.00) for the violations detailed in the Complaint.  Payment shall be made as follows:  Six Thousand dollars ($6,000) to be paid on or before 180 days after the date of judicial approval of this Order;  Six Thousand dollars ($6,000.00) to be paid on or before 360 days of judicial approval of this Order; and Six Thousand dollars ($6,000.00) to be paid on or before 540 days of judicial approval of this Order.  Checks made out to the Treasurer, State of Maine, shall be sent to Commissioner, Department of Environmental Protection, 17 State House Station, Augusta, Maine, 04333-0017.

B.  Stipulated Penalties.

Defendants shall pay to the Treasurer, State of Maine, the following stipulated penalties upon demand:

One Hundred dollars ($100) for each calendar day starting from the first day in which Defendants have not fully or timely complied with each of the deadlines as set forth in paragraph I above, or for which payment of the penalty installments is not received by the DEP, as set forth in paragraph II (A) above.

Plaintiffs, at their option, may pursue any other remedy available to them in lieu of a demand for stipulated penalties.

## III.  JOINT AND SEVERAL LIABILITY

Defendants Strictly Mobile Homes, Inc. and Kenneth J. Nelson are jointly and severally liable for all obligations ordered herein.

## IV.  RELEASE

Plaintiffs hereby release Defendants from all civil claims set forth in the Plaintiffs' Complaint filed in this action.  The State retains all rights available to it to enforce any violation of this Consent Order.  The State also retains all its rights under applicable laws, regulations and licenses to enforce any and all violations not specifically set forth in the Complaint filed in this action.

## V.  GENERAL PROVISIONS.

A.  Court Jurisdiction

The Court shall retain jurisdiction for the purpose of enabling any party to this Consent Order to apply to this Court at any time for such modifications of this Order as

5

may be necessary for enforcement of any terms of this Order, or for any other action necessary or appropriate to effectuate the terms of this Order. Any modifications of this Consent Order must be in writing.

B.     Modification.

The parties may agree in writing to reasonable extensions of time for any of the actions required under this Consent Order and such extensions shall extend the period of time for purposes of stipulated penalties under Section II.

At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a).

Dated: __5-25-06__

_____
Justice/Superior Court
Andrew M. Mead

SEEN AND AGREED TO:

_____
Strictly Mobile Homes, Inc.

_____
Kenneth J. Nelson

STATE OF MAINE AND DEPARTMENT
OF ENVIRONMENTAL PROTECTION

_____   4/13/06
Carol A. Blasi, Assistant Attorney General
Department of Attorney General
Maine Bar No. 8212
6 State House Station
Augusta, Maine 04333-0006
(207) 626-8582

6

STATE OF MAINE ET AL VS STRICTLY MOBILE HOMES INC ET AL
UTN:AOCSsr  -2005-0026343                              CASE #:BANSC-CV-2005-00047
--------------------------------------------------------------------------------
MAINE STATE OF                                                 PL
ATTY BLASI, CAROL   Tel# (207) 626-8800
ATTY ADDR:111 SEWALL STREET 6 STATE HOUSE STATION AUGUSTA ME 04333-0006

MAINE DEPARTMENT OF ENVIRONMENTAL PROTECTION                   PL
ATTY BLASI, CAROL   Tel# (207) 626-8800
ATTY ADDR:111 SEWALL STREET 6 STATE HOUSE STATION AUGUSTA ME 04333-0006

STRICTLY MOBILE HOMES INC                                      DEF
ATTY SILVERSTEIN, JEFFREY   Tel# (207) 942-8244
ATTY ADDR:145 EXCHANGE STREET, SUITE 3 BANGOR ME 04401-6505


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.